UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT A. POTTS, | ) | CASE NO. 5:12CV2688 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) | |
| AMERICAN BOTTLING CO. et al. | ) ) | **ORDER AND DECISION** |
| Defendants | ) ) ) | |

This matter is before the Court on both Defendants The American Bottling Company's ("ABC") and Teamsters Local Union No. 377's (the "Union" or "Local 377") motions for summary judgment against a hybrid section 301 claim filed by Plaintiff. Docs. 28 and 29. Also before the Court is Defendant ABC's motion for summary judgment on its counterclaim, Doc. 28, and the Defendants' joint motion for sanctions. Doc. 30. Defendant Local 377's motion for summary judgment on Plaintiff's complaint is granted because the complaint was not timely filed. Doc. 29. Similarly, Defendant ABC's motion for summary judgment on Plaintiff's complaint is GRANTED. However, Defendant ABC's motion for summary judgment on its counterclaim is DENIED without prejudice. Doc. 28. Defendants' joint motion for sanctions is hereby DENIED without prejudice. Doc. 30.

**I.     FACTS AND PROCEDURAL HISTORY**

ABC hired Plaintiff as a warehouseman for seasonal work on July 9, 2007. Doc. 29-1. During his time at ABC, Plaintiff also belonged to Local 377. *Id*. After two other temporary layoffs, Plaintiff was temporarily laid off again on September 18, 2009. *Id.*. As he was bound by the collective bargaining agreements in place between ABC and the Union, Plaintiff faced the potential loss of seniority rights if this layoff continued for more than one year. *Id*. Plaintiff,

1

seeking reinstatement and back pay, filed grievance number 11823 ("grievance 11823") on August 30, 2010—for ABC assigning others to work while Plaintiff was laid off—and grievance number 11824 ("grievance 11824") for wrongful discharge and termination of seniority on September 21, 2010. Docs. 1-7 and 1-8. He authorized Justin Averell, a Business Representative for the Union[1], to represent him in these grievances. Docs. 1-7 and 1-8.

A meeting occurred on September 14, 2010 between Plaintiff, ABC, and the Union to discuss grievance 11823. The parties did not reach a settlement at that time, and on September 30, 2010, ABC issued a written response denying grievance 11823 but offering to consider the layoff permanent, which would have allowed Plaintiff to exercise his seniority bumping rights to displace the least senior employee. The letter also indicated that the Union and ABC agreed to hold grievance 11824 in abeyance until grievance 11823 was closed. Doc. 29-14.

After receiving this letter, Plaintiff asked Mr. Averell to withdraw grievance 11823 and file a new grievance in its place. Doc. 23-12. As a result, the Union withdrew grievance 11823. Doc. 28-8. Thereafter, ABC and the Union agreed to extend the deadline for Plaintiff to respond to the September 30, 2010 offer as stated above, until October 22, 2010. On October 22, 2010, Plaintiff filed an internal union charge against Mr. Averell alleging

> "Justin Averell violated his oath of office by failing to perform his duties as a Business Representative, failing to act solely in the interest of this grievant, and refusing to protect my interest in all dealings with the Employer by way of refusing to process my grievance # 11824 and refusing to withdraw my defective grievance # 11823 as promised in his correspondence dated 10/12/1010[.]"

Potts Depo. Ex. 47.

---

[1] Mr. Averell's declaration explains that "as a Local 377 Business Representative, one of his duties was to represent Local 377's members with respect to the terms and conditions of their employment with employers who are signatory to collective bargaining agreements with Local 377." Doc. 28-12.

On October 30, 2010, Plaintiff received a letter from the Union explaining to him that the ABC has extended the deadline for him to return to work with his seniority until November 5, 2010. Plaintiff did not respond. ABC then extended the deadline again to November 19, 2010. Plaintiff believed this offer to be unreasonable and therefore did not respond. Potts Depo. II 292-293; 329-30. As Plaintiff did not respond to ABC's offer, ABC terminated him effective December 1, 2010.

On January 26, 2011, the Union and ABC met to attempt to resolve grievance 11824, which had previously been held in abeyance. ABC denied grievance 11824 on February 16, 2011. The Union advised Plaintiff that the company denied all of his grievances. Plaintiff was advised that the Mr. Averell would recommend to the Union Executive Board to pursue arbitration over the grievances.

On May 11, 2011, Plaintiff filed a charge against Local 377 with the National Labor Relations Board (NLRB) asserting that "the Union terminated Potts membership and failed to represent him." Potts Depo, Ex. 55.

In the interim, on November 15, 2010, Plaintiff filed a lawsuit against ABC, concerning his September 2009 layoff and an alleged violation of the Consolidated Omnibus Reconciliation Act of 1982. Doc. 18. The Union was not a party to the litigation. The case was settled on October 26, 2011, after the parties executed a Confidential Settlement Agreement in which Plaintiff agreed to release all his claims against ABC except for grievances 11823 and 4956. Doc. 18. Grievance 4956 is not at issue in the instant case. As part of this settlement, Plaintiff also agreed not to file a lawsuit against ABC for any released claim and to pay ABC's attorney's fees and defense costs if he did assert a released claim.

In July of 2011, Plaintiff wrote to Mr. Averell requesting an update on grievance 11823. He wrote again in December of 2011, again seeking information on grievance 11823. On January 1, 2012, new officers assumed Local 377 leadership. In 2012 Plaintiff appeared before the Executive Board and discussed grievance numbers 11823 and 11824. He did not inform the Board that he had previously withdrawn grievance number 11823 nor about his previously settled lawsuit. Doc. 28, Ex. K, Cook Declaration Without this information, the Board did not investigate the history of the grievances and directed legal counsel to draft an opinion letter assessing the merits of Plaintiff's grievances, including grievances 11823 and 11824. Id. Thereafter, in a letter dated May 1, 2012, the Board determined not to pursue the grievances to arbitration. Id.

On October 26, 2012, Plaintiff filed this suit pursuant to section 301 of the Labor Management Relations Act, asserting a claim for misrepresentation by the Union and asserting claims against ABC based on grievances 11823 and 11824. *Id*. On March 1, 2013, ABC filed its amended answer and counterclaim, asserting that Plaintiff breach the previously entered settlement agreement by filing the instant lawsuit. Doc. 18. On May 28, 2013, ABC filed for summary judgment on the complaint as well as on its counterclaim. Doc. 28. The Union filed its motion for summary judgment on the complaint. Doc. 29. Thereafter, the Defendants jointly filed a motion for sanctions. Doc. 30. Plaintiff responded and the matters are fully ripe before this Court.

## II.     LEGAL STANDARD

When seeking summary judgment, a party must demonstrate that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). If the moving party meets this burden, the non-moving party must then show that there is a genuine

4

issue of material fact for trial. *Bell v. Ohio State Univ.*, 351 F.3d 240, 253 (6th Cir. 2003). When ruling on a motion for summary judgment, the Court must view the evidence in the light most favorable to the non-moving party when deciding whether a genuine issue of material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. at 587-88, (1986).

### III. ANALYSIS

#### A. § 301 Claims

Plaintiff initiated this action under Section 301 of the Labor Management Relations Act (29 U.S.C.A. § 185). The Supreme Court, in *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151 (1983), has applied the six-month statute of limitations provided by 29 U.S.C. § 160(b) to section 301 suits. In the instant case, the complaint was filed on October 26, 2012, so this action is timely only if it accrued within six months of the filing date, on or around April 26, 2012.

Precedent has established the standards for accrual of a § 301 claim. Such a claim accrues "when the claimant discovers, or in the exercise of reasonable diligence should have discovered, the acts constituting the alleged violation." *Adkins v. International Union of Electrical, Radio & Machine Workers*, 769 F.2d 330, 335 (6th Cir. 1985). Accrual is objectively determined: "the asserted actual knowledge of the plaintiffs is not determinative if they did not act as reasonable persons and, in effect, closed their eyes to evident and objective facts concerning the accrual of their right to sue." *Chrysler Workers Ass'n v. Chrysler Corp.*, 834 F.2d 573, 579 (6th Cir. 1987). The hybrid § 301 claim "accrues against the company when it accrues against the union." *Moore v. UAW Local 598*, 33 Fed.Appx. 165, 167 (6th Cir. 2002). Plaintiffs need not sue on the claim until they reasonably should know that the union has abandoned their claim. *Wilson v. Int'l Brotherhood of Teamsters*, 83 F.3d 747, 757 (6th Cir.

1996). "[T]here must be no set of facts occurring before [the accrual date] which would give rise to the discovery of—or a duty to investigate—the acts giving rise to this cause of action." *Dudich v. United Auto Workers Local Union No. 1250*, 454 F.Supp.2d 668, 675 (N.D. Ohio 2006).

The Defendants argue that Plaintiff's complaint is time barred because Plaintiff should have known in 2011 and early 2012 that the Union's actions would give rise to a hybrid § 301 claim. Doc. 29-1. The Defendants first point to internal union charges filed against his union representative, Mr. Averell, on October 22, 2010. *Id*. Making reasonable inferences in favor of the nonmoving party, by charging the representative for failing to perform his duties, Plaintiff has not also alleged that the Union has failed in performing its own obligations. The two assertions are distinct, and it is quite possible that Plaintiff believed the Union would continue to handle the grievances on his behalf whatever disagreements he had with representative Averell.

Defendants next assert that the unfair labor practice charge filed with Region 8 of the NLRB on May 11, 2011 against Local 377 provided Plaintiff with grounds to file a hybrid § 301 claim. *Id*. This assertion is well taken. Plaintiff specifically asserted "the Union terminated Potts membership and failed to represent him." Potts Depo, Ex. 55. As Plaintiff specifically asserted that the Union has terminated membership and had failed to represent him, it necessarily follows that he reasonably should have known and believed that the Union had abandoned his claim.

In order to maintain an argument that there remains genuine issue of material fact, Plaintiff would be required to counter the assertion that the charge against the Union gave or should have given him knowledge that the Union had behaved actionably. Plaintiff does not make this argument. Plaintiff instead asserts that the May 1, 2012 letter from the Union was the first indication that Union had abandoned his grievance. Doc. 34. Plaintiff's own May 11, 2011

6

charge against the Union belies this. A plaintiff cannot save a claim simply by writing a later letter, such as Plaintiff's July and December of 2011 letters that prompted the newly appointed Union Board to write the May 1, 2012 letter. The continuance of correspondence with a Union after the time a plaintiff should know of the acts giving rise to a cause of action is a courtesy, and does not mark procrastination sufficient to toll the statute of limitations. *Fox v. Parker Hannifin Corp.*, 914 F.2d 795, 804 (6th Cir. 1990) (rejecting plaintiff's assertion that a letter stating there was nothing more a union could do for the plaintiff reset the accrual date for a hybrid section 301 claim). Again, the complaint in this case was filed on October 26, 2012. Therefore, for statute of limitations purposes, the §301 claim must have accrued within the six months prior to the complaint, April 26, 2012. Because the claim accrued on May 11, 2011, which falls well before April 26, 2012, the current § 301 hybrid claim is not timely.

### B. ABC's Counterclaim

On March 1, 2013, ABC filed an amended answer and counterclaim. ABC asserts this Court has jurisdiction over its breach of contract counterclaim based on 28 U.S.C. §1332(a). Specifically, ABC states that "Potts and ABC are citizens of different states and because the amount in controversy exceeds $75,000, exclusive of interest and costs." Doc. 18 pg. 7. Notably, ABC contends that the contract at issue is a settlement agreement between the parties in which Potts agreed to not file a lawsuit against ABC asserting any claims that had been released by the terms of the settlement agreement and that if he did so he would be liable for ABC's attorneys' fees incurred in defending against such a suit. Doc. 18, pg. 9. ABC concludes that "[a]s a direct and proximate result of Potts's breach of the Settlement Agreement, ABC has been damaged in an amount in excess of $75,000, which includes ABC's attorneys' fees in connection with defending Case No. 5:12-cv-02688-JRA and bringing this counterclaim." Doc. 18, pg. 9.

The jurisdictional threshold is premised upon the idea that ABC would incur over $75,000 in attorneys' fees to defend this case. However, as early as its original answer, filed on December 14, 2012, ABC argued the affirmative defense that "Plaintiff's claims are barred to the extent that he seeks to base claims on events occurring outside the applicable statute of limitations." Doc. 10, p. 6. Despite this contention, ABC did not file a motion to dismiss this claim. The instant motion for summary judgment was filed on May 28, 2013, asserting in part that the complaint should be dismissed under the applicable statute of limitations. On May 29, 2013, Defendants filed a joint motion for sanctions under Fed.R.Civ.P Rule 11, arguing in part that Plaintiff and his counsel failed to comply with Rule 11 by filing and continuing to pursue this case in spite of the statute of limitations. Thus, ABC is simultaneously asking this Court to conclude that sanctions are appropriate for frivolously filing this suit, while also arguing that they would incur at least $75,000 in attorneys' fees to defend the suit. It appears that these positions are at odds with one another. As such, the Court orders ABC to show cause as to why the counterclaim should not be dismissed for lack of jurisdiction within 14 days of the date of this Order. In the interim, ABC's motion for Summary Judgment on its counterclaim is denied without prejudice. If the Court concludes that it has jurisdiction over the counterclaim, ABC may refile its motion.

### C. ABC's Motion for Sanctions

In Defendants' motion for sanctions, they seek sanctions for maintaining the claims in Plaintiff's complaint. Specifically, they ask the Plaintiff's claims be dismissed, that Defendants be awarded reasonable attorneys' fees, and any other relief the Court deems appropriate. Accordingly, ABC seeks attorneys' fees under both its counterclaim and its motion for sanctions. As this Court could not appropriately award fees under both motions, ABC would be required to

elect its remedy. In light of the Court's show cause order on the jurisdictional basis of ABC's counterclaim, the Court dismisses the motion for sanctions without prejudice. Defendants may choose to reassert the issue after the Court determines whether it has jurisdiction to continue with the counterclaim.

### IV. CONCLUSION

Defendant Local 377 international Brotherhood of Teamsters motion for summary judgment on Plaintiff's complaint is hereby GRANTED. Doc. 29. Defendant ABC's motion for summary judgment is hereby GRANTED in part and DENIED without prejudice in part. Doc. 28. ABC shall show cause as to why its counterclaim should not be dismissed for lack of subject matter jurisdiction within 14 days of the date of this Order. Defendants' joint motion for sanctions is hereby DENIED without prejudice. Doc. 30.

IT IS SO ORDERED.


DATE: 3/31/14                           /s/ *John R. Adams*_____
                                        Judge John R. Adams
                                        UNITED STATES DISTRICT COURT