UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ROBERT POTTS, | CASE NO. 5:12-CV-02688 |
| Plaintiff, | JUDGE JOHN R. ADAMS |
| vs. | |
| AMERICAN BOTTLING COMPANY, INC., et al., | **ORDER AND DECISION** |
| Defendants. | |

Pending before this Court is Defendants' Joint Motion for Sanctions Under Rule 11. Doc. 47. For the following reasons, the motion is DENIED at this time.

I. PROCEDURAL HISTORY

Plaintiff Robert Potts filed the underlying Complaint pursuant to Section 301 of the Labor Management Relations Act, asserting a claim for misrepresentation by Defendant Local No. 377 International Brotherhood of Teamsters ("the Union") and asserting claims against Defendant American Bottling Company ("ABC") based on two grievances filed while Potts worked for ABC. Doc. 1. ABC filed an answer and counterclaim and later filed a motion for summary judgment on the complaint and counterclaim. Doc. 28. Likewise, the Union also filed for judgment as a matter of law. Doc. 29. Both motions for summary judgment were granted and subsequently, upheld on appeal. Defendants filed a joint motion for sanctions against Potts, arguing that the complaint lacked a proper factual and legal basis. Doc. 47 (*citing* Fed.R.Civ.P. 11).

## II. LEGAL ANALYSIS

"Rule 11 imposes on attorneys a duty to reasonably investigate factual allegations and legal contentions before presenting them to the court." *Penn, LLC, et al., v. Prosper Business Develop. Corp., et al.,* -- F.3d --, 2014 WL 7003762 (6th Cir. 2014). "The threat of sanctions encourages keen observance of this duty." *Id.*, (*citing Ridder v. City of Springfield,* 109 F.3d 288, 294 (6th Cir. 1997) ("Rule 11's ultimate goal [is] deterrence, rather than compensation....")). The drafters of Rule 11 also included a safe-harbor provision to allow the nonmovant a reasonable period to reconsider the legal and factual basis for the allegations and, if necessary, to withdraw the document. *Penn, LLC,* 2014 WL 7003762 at *3; Fed.R.Civ.P. 11(c) Advisory Committee Notes (1993 Amendments).

In the Sixth Circuit's recent decision in *Penn, LLC, et al., v. Prosper Business Develop. Corp., et al.,* the court considered a motion for sanctions filed well after a warning letter had been sent to the opposing party. *Id.* The Circuit examined the language of Rule 11, along with the Advisory Committee Notes, and held:

> First and most important, [Rule 11] specifically requires formal service of a motion [for sanctions]. The safe-harbor provision states that "[t]he *motion* must be served under Rule 5" at least twenty-one days before filing it with the court. We have no doubt that the word "motion" definitionally excludes warning letters....
>
> * * *
>
> ... [T]he Advisory Committee reasons that "the 'safe harbor' period begins to run only upon service of the motion" in order "[t]o stress the seriousness of a motion for sanctions and to define precisely the conduct claimed to violate the rule."
>
> * * *
>
> Whereas a properly served motion unambiguously alerts the recipient that he must withdraw his contention within twenty-one days or defend it against the arguments raised in that motion, a letter prompts the recipient to guess at his opponent's seriousness. Thus, not only Rule 11's text, but also "[p]ragmatic realities require such strict adherence to the rule's outlined procedure."

*Id.* at *3-4 (citations omitted).

Here, ABC and the Union argue that they are entitled to sanctions because they sent Potts a warning letter on April 22, 2013, which references an attached motion for sanctions. Doc. 47 at 5. However, after reviewing the motion for sanctions and exhibits actually filed with this Court, along with the subsequent briefs in the case, the parties have not filed a copy of the April 22 motion, which should have been served on Potts in order to trigger the safe-harbor provision. ABC and the Union bear the burden of proving their compliance with Rule 11. While the April 22 letter contends that a copy of the motion for sanctions was enclosed, nothing is presented on the docket; and the Court is unable to conclude that ABC and the Union have met their burden under Rule 11. As such, the motion for sanctions is DENIED at this time.

### III. CONCLUSION

The Court finds that ABC and the Union have not proven all requirements under Rule 11 have been satisfied. The Court hereby DENIES Defendants' Joint Motion for Sanctions.

IT IS SO ORDERED.


January 21, 2015                    */s/ John R. Adams*_____
                                    JUDGE JOHN R. ADAMS
                                    UNITED STATES DISTRICT COURT