UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT POTTS, | ) | CASE NO. 5:12CV02688 |
| | ) | |
| Plaintiff, Counter-Defendant | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| AMERICAN BOTTLING COMPANY d/b/a | ) | **ORDER AND DECISION** |
| 7-UP, | ) | |
| and | ) | (Resolving Doc. 54) |
| | ) | |
| INTERNATIONAL BROTHERHOOD OF | ) | |
| TEAMSTERS, LOCAL UNION NO. 377, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on an amended motion for sanctions pursuant to Fed.R.Civ.P 11 filed jointly by Defendants, American Bottling Company ("ABC") and International Brotherhood of Teamsters ("Teamsters") against Plaintiff, Robert Potts, and his attorney, David Engler. Doc. 54. Plaintiff has not filed an opposition brief. Looking at Defendants' motion for sanctions and the record as a whole, this Court finds that the Plaintiff's attorney violated Fed.R.Civ.P 11(b)(2). Therefore, for the following reasons, this Court GRANTS the joint amended motion for sanctions.

## I.    FACTS AND PROCEDURAL HISTORY

This case involved Section 301 of the "Labor Management Relations Act" codified under 29 U.S.C. § 185. Specifically, Plaintiff alleged that ABC and the Teamsters violated the collective bargaining agreement (at times "CBA") between the parties. Doc. 29-1. While Plaintiff was still working for ABC, he filed grievance number 11823 claiming that ABC was in violation of the Collective bargaining agreement when it refused to reinstate Plaintiff after a temporary layoff and give him back pay. *Id*. In addition to grievance number 11823, Plaintiff

1

filed grievance number 11824 claiming that he was wrongfully discharged and wrongfully lost his seniority rights. *Id*.

On November 15, 2010, Plaintiff filed a lawsuit against ABC, concerning his September 2009 layoff and an alleged violation of the Consolidated Omnibus Reconciliation Act of 1982. Doc. 18. The Teamsters was not a party to the litigation. The case was settled on October 26, 2011, after the parties executed a Confidential Settlement Agreement in which Plaintiff agreed to release all his claims against ABC except for grievances 11823 and 4956. Doc. 18. As part of this settlement, Plaintiff also agreed not to file a lawsuit against ABC for any released claim and to pay ABC's attorney's fees and defense costs if he did assert a released claim.

While the first lawsuit was pending, on May 11, 2011, Plaintiff filed a charge against the Teamsters with the National Labor Relations Board ("NLRB"), alleging that the Teamsters failed to represent him in his grievances against ABC.

Despite the release agreement from the first lawsuit, Plaintiff filed another lawsuit with this Court on October 26, 2012. *Id*. The Complaint alleged that ABC breached the collective bargaining agreement when ABC incorrectly subjected Plaintiff to a temporary layoff and consequently refused to let Plaintiff use his seniority rights. Doc. 29-1. The Complaint further alleged that the Teamsters failed in its duty to fairly represent Plaintiff regarding grievance numbers 11823 and 11824. *Id*.

Both Defendants filed motions for summary judgment. This Court found that Plaintiff's claims were barred by the statute of limitations and thus granted Defendants' motion for summary judgment. Doc. 43 at 6-7. On appeal, the Sixth Circuit upheld this Court's order and found that a reasonable person should have known that the statute of limitations had run on Plaintiff's claim. *Potts v. American Bottling Co.*, 595 Fed. Appx. 540, 543 (6th Cir. 2014).

2

Defendants have filed a total of three motions for sanctions including this pending motion against Plaintiff and his attorney. The first motion was dismissed without prejudice to allow this Court to determine if it had jurisdiction over Defendants' counterclaim.[1] Doc. 43 at 8-9. The second motion for sanctions was dismissed without prejudice because the motion did not attach Defendants' proposed motion for sanctions as part of the "safe harbor" letter sent to Plaintiff's counsel.[2] Doc. 53. Finally, in their current motion, filed pursuant to Fed.R.Civ.P. 11, Defendants have attached the proposed Rule 11 motion that was sent with the "safe harbor" letter.

In the underlying motion, Defendants argue that Plaintiff and his attorney made claims that lacked a factual and legal basis. Doc. 54; Doc. 54-11; Doc. 54-12, Doc. 54-13. Specifically, they argue that Plaintiff's counsel should not have filed nor maintained Plaintiff's claims against them because the grievances surrounding the claims were waived in the earlier release agreement and/or barred by the statute of limitations. *Id*. Plaintiff's counsel has filed no opposition to the amended motion.

## II.    LAW AND ANALYSIS

Under Rule 11(b), a litigant certifies:

> …that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> > (1) is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

> > (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

---

[1] This Court determined that Defendants could not have their attorney's fees compensated under both the counterclaim and sanctions under Fed.R.Civ.P. 11. After this Court rendered its decision regarding Defendant's motion for summary judgment and motion for sanctions, Defendants dismissed their counterclaim and decided to recover attorney's fees pursuant to Rule 11.

[2] Defendants attached the "safe harbor" warning letter in their joint motion but failed to include the actual Rule 11 motion in the attachment. Therefore, this Court concluded that ABC and Teamsters did not meet all requirements under Rule 11.

(3) the factual allegations have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed.R.Civ.P. 11(b)(1-4).

A party may move for sanctions after demonstrating that the opposing party failed to comply with Fed.R.Civ.P 11(b). For instance, during the course of litigation, an attorney or party may be sanctioned under Rule 11 when the attorney or party continues to maintain a prior position regarding a pleading, motion, or other paper that is no longer achievable. *Rentz v. Dynasty Apparel Indus., Inc.*, 556 F.3d 389, 395 (6th Cir. 2009).

Courts are given discretion when determining reasonable conduct of attorneys. *Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990). Courts use an objective test to determine if a litigant or attorney made a reasonable inquiry under the circumstances before submitting a filing to the court. *Apostolic Pentecostal Church v. Colbert*, 169 F.3d 409, 413 (6th Cir. 1999). The test asks whether it was reasonable under the circumstances for the attorney or litigant to act in such a manner. *Id*. In addition to the objective test, courts can use several factors to determine if a reasonable inquiry has been made, which include: the time available to the attorney or litigant before submitting a pleading or motion, whether the signor had to rely solely on his or her client for information regarding the pleading or motion, whether the pleading or motion was based on a plausible view of the law, and whether signor depended on other counsel or another member of the bar. *Davis v. Crush*, 862 F.2d 84, 88 (6th Cir. 1988)(citing *Century Products, Inc. v. Sutter*, 837 F.2d 247, 250-251 (6th Cir. 1988)).

4

Before seeking the Court's intervention,  the party moving  for sanctions  must contact the opposing  party and specifically  describe the conduct that allegedly  violates Rule 11(b). Along with this letter, the moving  party must serve a copy of the proposed motion  for sanctions  on the other party. Fed.R.Civ.P.  11(c)(2*).* Service requires more than a mere warning letter and must include  the proposed motion  attached to the letter. *Penn, LLC, et al. v. Prosper Business Develop. Corp., et al.,* 773 F.3d 764, 767 (6th Cir. 2014).   Furthermore,  the moving  party must give the nonmoving  party a "safe harbor"  period and not file Rule 11(b) sanctions  with the court until twenty-one days after service. Fed.R.Civ.P.  11(c)(2). It is undisputed  that Defendants properly  followed this procedure.

If the court finds that Rule 11(b) has been violated,  the court, at its discretion,  may impose sanctions  on the attorney or party that is responsible  for the violation.  Fed.R.Civ.P. Rule 11(c)(1); Fed.R.Civ.P.  11(c) Advisory  Committee  Notes (1993 Amendments)("…Court  has significant  discretion  in determining  what sanctions,  if any, should  be imposed  for a violation."). However,  monetary sanctions  cannot be imposed  against a represented party for violating  Rule 11(b)(2). Fed.R.Civ.P.  11(c)(5).

In looking  at the merits of the motion,  Defendants argue that Plaintiff's counsel violated Rule 11(b)(2) when he filed the underlying  Complaint after the statute of limitations  had run. Doc. 54 at 10. There is a six-month statute of limitations  for claims arising  under 29 U.S.C. § 185. *DelCostello v. Int'l Bhd. of Teamsters,* 462 U.S. 151, 169 (1983). The statute begins to run when the potential plaintiff knew or should have known  the facts that give rise to the cause of action. *Garrish v. Int'l Union, United, Auto., Aerospace, and Agric. Implement Workers of America*, 417 F.3d 590, 594 (6th Cir. 2005).

5

The question in this matter is whether it was reasonable, given the circumstances, for Plaintiff's counsel to file the complaint against ABC and Teamsters, despite being barred by the statute of limitations.  In affirming this Court's granting of summary judgement, the Sixth Circuit spoke to this issue:

> **At the latest, a reasonable person would have been aware—and Potts acknowledges that he was aware—he had a viable claim against Local 377 when he filed the NLRB charge [on May 11, 2011].** The Board's conduct, which occurred more than seven months after Potts's claim accrued, does not alter that fact.

*Potts*, 595 Fed. Appx. at 543 (emphasis added). Thus, it was unreasonable for Plaintiff's counsel to then file the underlying Complaint almost a year and a half after filing the NLRB charge.

Furthermore, Plaintiff's counsel was given almost a month to dismiss his complaint after each Defendant sent its "safe harbor" letter with the attached Rule 11 motion. However, Plaintiff's counsel took no action to cure the violations. To the contrary, he responded in opposition to Defendants' motion for summary judgment, which caused Defendants to incur legal expenses, as well as spending court resources in deciding the motion. Further, Plaintiff's counsel filed an appeal. While this Court is not deciding sanctions for filing the appeal, it only demonstrates the extent to which Plaintiff's counsel perpetuated the litigation- despite the fact that he should have known and was indeed on notice that the action was barred by the statute of limitations. Filing the Complaint after the statute of limitations had run was unreasonable; maintaining the action was unreasonable; and perpetuating the litigation before this Court was unreasonable. As such, Plaintiff's counsel violated Fed.R.Civ.P. 11(b) and is subject to sanctions.

## IV.  CONCLUSION

Based on the above reasoning, this Court finds that Plaintiff's attorney, David Engler, violated Fed.R.Civ.P 11(b)(2). Defendants' amended joint motion for sanctions is GRANTED. Accordingly, this Court orders a hearing on August 31, 2015 at 10:00 A.M. to determine the nature of the sanctions.

IT IS SO ORDERED.


DATE: August 6, 2015                    */s/ John R. Adams*_____
                                        JUDGE JOHN R. ADAMS
                                        UNITED STATES DISTRICT COURT

7