# ROBERT POTTS

4143 Jeanette Drive
Warren, Ohio 44484

October 25, 2015



Honorable John R. Adams
United States District Court
2 South Main Street, Room 510
Akron, Ohio 44308-1813

    In Re:    Case Number: 5:12-cv-02688

Dear Judge Adams:

Please be advised that this correspondence respectfully comes to you in good faith regarding the above referenced matter at this time.

To begin, departing from so many conflicts of interests, I assert Attorney David L. Engler and Engler & Associates LLC intentionally disadvantaged me and corrupted a legal matter by way of engaging in unethical concerted activities to cause and result irreparable damage via civil case 5:12-cv-02688 in the US District Court at Akron, Ohio.

With that said, back in the year 2012, rather than timely filing a Pro Se NLRB charge against Teamsters Local 377 and American Bottling Company after I received pertinent correspondence from the labor union dated May 1, 2012, authored by Ralph "Sam" Cook, Secretary Treasurer, Teamsters Local 377, I decided on legal counsel taking any action or pursuing any civil litigation on my behalf against the Company and the Union regarding grievance numbers 11823 and 4956 at that time. Other grievances were also written prior to the date of May 1, 2012, but back then, I understood the fact that all my grievances had be subjected to the applicable NLRB Deferral Policy or _Collyer Insulated Wire, 192 NLRB 837 (1971), and United Technologies Corp., 268 NLRB 557 (1984)_ up until the date of May 1, 2012. I believe I initially contacted Attorney A. Clifford Thornton, Jr. for legal representation and he responded positively in his correspondence addressed to me dated June 13, 2012.

Specifically, concerning the year of 2012, Attorney David L. Engler was, at all times relevant, in possession of a copy of a "Confidential Settlement Agreement & General Release" document executed about October 26, 2011 regarding the American Bottling Company. I never thought Attorney David L. Engler was planning to attach grievance 11824 to any civil complaint he was preparing for any filing on my behalf because my matter with Attorney David L. Engler only concerned grievances 11823 and 4956 exclusively. At that time, I remember I was only shown the civil complaint without any attachment or exhibit around October of 2012. The language contained within the complaint did not identify any grievance by any particular grievance number. The complaint indicates, "[Potts' first grievance maintained that his temporary lay-off did not

conform to the provisions of the collective bargaining agreement. Potts' second grievance maintained that American improperly subjected Potts to a permanent lay-off]". It was only after Attorney David L. Engler authored and filed his civil complaint with the US District Court that I learned about grievance 11824 being attached to his written complaint, and that was sometime prior to the Answer filed by American Bottling Company. I communicated that the issue needed to be corrected ASAP at the time, but sometime afterwards, Attorney David L. Engler strangely sent a certain correspondence to me. I disagreed and rejected the situation. I then contacted Attorney Richard N. Selby II at DWORKEN & BERNSTEIN CO., LPA about the situation, and Attorney Selby advised me via his correspondence dated December 18, 2012. I assert the fact that Attorney David L. Engler refused or failed to remedy the situation from that point.

Next, as the civil litigation was foregoing, Attorney David L. Engler appeared to neglect the case by way of a failure to communicate. Attorney David L. Engler simply refused to listen to me and failed to consider any of my communications. The record of the US District evidences "neglect" all over the litigation. Mr. Engler failed to return my calls and failed to keep me up-to-date regarding the matter of case number 5:12-cv-02688. I really did not know what was happening with the civil matter. Even one of the Defendant's lawyers represented many times that Attorney David L. Engler is engaging in a pattern and practice of a "failure to communicate" with her. Also, another example, Defendants counsel, Cintra B. McArdle, sent her letter dated April 1, 2013 to Alan Belkin writing that certain discovery was not timely served. Mr. Engler further repeatedly refused or failed to consider any pertinent deadlines regarding the civil litigation over and over in the legal process. I assert the fact that the last time I heard from Attorney David L. Engler was via his letter addressed to me dated January 20, 2015 advising, "[You have the right to have the decision reviewed, but such action would be fruitless]". I had no control over the matter of 5:12-cv-02688 because licensed Attorney David L. Engler controlled everything and presented everything in the litigation.

In conclusion, I assert Attorney David L. Engler's action or inaction was intentionally designed to expose me to a counterclaim or sanctions and result irreparable damage.

Sincerely,

Robert Potts