IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT A. POTTS | ) | CASE NO. 5:12CV2688 |
| | ) | JUDGE JOHN R. ADAMS |
| Plaintiff | ) | |
| | ) | |
| v. | ) | PRE-HEARING MEMORANDUM |
| | ) | OF PLAINTIFF |
| AMERICAN BOTTLING CO. | ) | |
| dba 7-UP et al. | ) | |
| | ) | |
| Defendants | ) | |

**The Purposes Behind Civil Rule 11 Bear Upon the Appropriateness of the Sanction**

**Imposed[1]**

In *Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir. 1997), the Sixth Circuit Court of Appeals stated that the principal goal of Rule 11, Federal Rules of Civil Procedure, is deterrence rather than punishment or compensation. Plaintiff believes that since the severity of the sanctionable conduct bears directly on the level of deterrence that is called for in any given case,

---

[1] In its opinion awarding sanctions, this Honorable Court mistakenly stated that plaintiff had not responded to the Rule 11 motion. In fact, plaintiff filed a response to the Rule 11 motion in May 2014. The points made in this section of this Pre-Hearing Memorandum bear upon whether sanctions are warranted, as well as the choice of sanction. Plaintiff believes that this Honorable Court should, in light of the points made in this section, points which plaintiff made in his response memorandum, reconsider whether to impose any Rule 11 sanctions in this case.

the egregiousness of the sanctionable conduct must bear heavily upon what sanction a court chooses to impose. *Ridder*, *supra p. 1*, also held that the factor that governs whether conduct violates Civil Rule 11 or not is whether the conduct by the attorney involved was objectively reasonable under the circumstances. It is incumbent upon this Honorable Court, both in finding that a Rule 11 violation occurred, and in forming an appropriate sanction, to analyze the circumstances surrounding the sanctionable conduct.

The basis for this Honorable Court's decision that a Civil Rule 11 violation took place was that plaintiff filed this action after the applicable six month statute of limitations had run. The filing of an action under circumstances where no argument that the lawsuit was timely filed may well violate Civil Rule 11. However, there are extenuating circumstances in this case. Those extenuating circumstances, even if they do not persuade this Honorable Court to reconsider whether any sanctions should be imposed, are significant in determining the appropriateness of any particular sanction. The principal extenuating circumstance is the existence of documentary evidence from which a reasonable attorney could objectively conclude that, on October 26, 2012, the date plaintiff filed this action, the applicable six month statute of limitations had not expired.

Plaintiff attached a letter dated May 1, 2012 that plaintiff received from defendant Teamsters Local No. 377 to the Complaint filed in this lawsuit. That letter advises plaintiff that the union had considered his pending grievance, and had determined the grievance lacked merit. That letter contains a detailed explanation of the union's reasoning, and states unequivocally that the union will take no further action in pursuing plaintiff's grievance. The October 26, 2012 filing date for this lawsuit is less than six months after the date of the union's letter to plaintiff. Both this Honorable Court and the appellate court ultimately found that May 1, 2012, the date of that unambiguous letter, was not the date on which plaintiff's cause of action accured for statute of

limitations purposes. However, whether a claim succeeds or fails is not the governing Civil Rule 11 consideration. The crucial question in the Civil Rule 11 analysis is whether there was evidentiary support for the position taken by the litigant and his or her counsel. *Apostolic Pentecostal Church v. Colbert*, 169 F.3d 409 (6th Cir. 1999) The May 1, 2012 letter to plaintiff from the union, standing alone, is evidence that the six month statute of limitations had not expired when plaintiff instituted this lawsuit on October 26, 2012.

Another extenuating circumstance that this Honorable Court should consider with regard to the necessity for, and the nature of, Civil Rule 11 sanctions is the amount of time that was available to counsel before filing the lawsuit. Civil Rule 11 requires that counsel make a reasonable inquiry before filing a lawsuit.

> "[W]hat constitutes a reasonable inquiry may depend on such factors as how much time was available to the signer; whether he had to rely on a client for information as to the facts underlying the pleading. . . . In consideration of these principles, it has become both familiar and well-settled in Rule 11 jurisprudence that where an attorney lacks the luxury of time, his pre-filing inquiry is judged by a standard befitting the circumstances." (Citations omitted) *Homer v. Halbritter*, 158 F.R.D. 236, 238 (N.D.N.Y. 1994)

In this case, plaintiff did not approach or retain the undersigned as counsel for this case until mid-October 2012. Counsel had little time to act in order to timely file this lawsuit in light of the May 1, 2012 letter to plaintiff from the union. Once retained by plaintiff, counsel definitely did not have the "luxury of time" in this situation.

Another extenuating circumstance is the knowledge in the Youngstown, Ohio area that Teamsters Local No. 377 had been placed in trusteeship. One of the reasons for that trusteeship was evidence that Teamsters Local No. 377 had not properly processed member grievances. In

3

light of that history, counsel acted objectively reasonably in believing that the May 1, 2012 letter was evidence that the new, post-trusteeship administration of Teamsters Local No. 377 was attempting to right certain wrongs that had occurred by revisiting and reconsidering member grievances.

The standard of reasonableness to be used in determining whether litigants and/or counsel have violated Civil Rule 11 is objective. ***Lockheed Martin Energy Systems, Inc. v. Slavin***, 190 F.R.D. 449 (E.D. Tenn. 1999) In assessing whether counsel's conduct was objectively reasonable, this Honorable Court must eschew the "wisdom of hindsight." ***Eavenson, Auchmuty & Greenwald v. Holtzman***, 775 F.2d 535 (3rd Cir. 1985) In light of all of the circumstances apparent to counsel at the time plaintiff instituted this action, the belief that the six month statute of limitations had not expired was not patently unreasonable. Because deterrence is the principal goal of Civil Rule 11, the May 1, 2012 letter is extremely relevant to how egregious the sanctionable Court was, and the amount of deterrence that is needed.

**The Payment of Defendants' Entire Legal Fees is not an Appropriate Sanction in this Case.**

Defendants and their counsel appear to believe that this Honorable Court should impose the sanction of paying defendants' entire legal fees.

> "Although sanctions may properly include an award of counsel fees and expenses to the adversary, the prime goal should be deterrence of repetition of improper conduct, and an award of counsel fees or other monetary sanction should not be automatically the sanction of choice." ***Waltz v. County of Lycoming***, 974 F.2d 387, 3 (3rd Cir. 1992)

4

Hopefully, this Honorable Court accepts the premise that counsel should not have disregarded the May 1, 2012 letter in agreeing to represent plaintiff, and instituting this litigation. If so, counsel had an objective, albeit ultimately mistaken, basis for believing that the filing of this lawsuit was timely.

In *Lockheed Martin Energy Systems*, *supra. p. 4*, the court stated:

> "Any [Civil Rule 11] sanctions imposed must be narrowly tailored and must be no more than necessary to deter sanctionable conduct. 'Equitable considerations' and the 'least severe sanction adequate to serve the purpose' should be factors in the sanction determination'" (Citations omitted) 190 F.R.D. at 459

One of the cases that district court cited to support the above quote was *Orlett v. Cincinnati Microwave, Inc.*, 954 F.2d 414 (6th Cir. 1992)

In *Orlett*, the Sixth Circuit Court of Appeals reiterated that the principal purpose of Civil Rule 11 is deterrence, That appellate court held that Civil Rule 11 is not designed to be a fee shifting device, that Civil Rule 11 does not nullify the "American Rule" that parties should bear their own legal fees, and that courts should impose the "least severe sanctions" adequate to accomplish the purposes of Civil Rule 11. With regard to the relationship between Civil Rule 11 and the "American Rule," the Sixth Circuit Court of Appeals has opined:

> "Victorious litigants in this country have been required for almost two centuries to shoulder their own litigation expenses, and the 1983 amendments to Rule 11 were not intended to alter this fundamental truth." (Citations omitted) *Bodenhamer Building Corporation v. Architectural Research Corporation*, 989 F.2d 213, 218-219 (6th Cir. 1993)

Granting defendants' their full legal fees would violate the "fundamental truth" to which the Sixth Circuit Court of Appeals referred.

In *Orlett*, *supra. p. 5*, the appellate court also held:

> "The principal goal of Rule 11 sanctions is deterrence with compensation being a secondary goal. The district court must consider whether the complained of actions were promptly brought to its attention (a question of mitigation), and must determine the ability of the sanctioned attorney to pay." 954 F.2d at 419

The mitigation principle requires the party seeking sanctions to have acted promptly in responding to the pleadings that allegedly violate Civil Rule 11. Mitigation also demands that the party seeking sanctions act in a manner that avoids needless expenses. ***Danvers v. Danvers***, 959 F.2d 601 (6th Cir. 1992) In this case, neither defendant sought resolution of the statute of limitations issue promptly.

Defendants argued, and this Honorable Court and the appellate court found, that the cause of action accrued on the date plaintiff filed an unfair labor practice charge with the National Labor Relations Board, not on May 1, 2012. Each of the defendants knew the date on which plaintiff filed his unfair labor practice. The legal argument relating to the statute of limitations was straight forward, and defendants could have moved this Honorable Court to dismiss this case, not simply raised the statute of limitations defense in an Answer. The vast majority of defendants' alleged legal fees relate to issues and matters that this Honorable Court never would have considered had the defendants moved to dismiss, as they should have, immediately after plaintiff filed his complaint. Mitigation also demands that this Honorable Court must avoid imposing, as Civil Rule 11 sanctions, amounts caused by duplicative efforts. See ***Kassab v. Aetna Industries, Inc.***, 265

F.Supp.2d 819 (E.D.Mich. 2003)   Both defendants took the same position relating to the statute of limitations.  This Honorable Court would not be justified in allowing two sets of legal fees for work directly related to the statute of limitations in this case.

Another factor that this Honorable Court must address in determining a Civil Rule 11 sanction is the ability of the party or his or her counsel to pay.  ***Orlett***, *supra. p. 5*

> "[T]here must be a consideration of the sanctioned party's ability to pay.  The idea is not to bankrupt an attorney. . .but to deter him from repeating the conduct prohibited by Rule 11." ***Danvers v. Danvers***, 959 F.2d 601, 605 (6th Cir. 1992)

A sanction of paying defendants' full attorney fees would violate the letter and the spirit of the above principle.

**Conclusion**

Whether any sanction is necessary, or the sanction actually imposed, should be based on the severity of the sanctionable conduct, and the need for deterrence.  If this Honorable Court decides that some form of attorney fee related sanction should be imposed, there is no legal justification for imposing an amount the even approaches the entire attorney fees claimed by defendants.  For all of the reasons discussed above, any attorney fee sanction, if imposed, must be "narrowly tailored," and must relate only to attorney time directly related to litigating the statute of limitations issue.

Respectfully submitted


s/David L. Engler
DAVID L. ENGLER (0030264)
725 Boardman-Canfield Road, Unit S
Youngstown, Ohio 44512
Telephone: (330) 729-9777
Facsimile: (330) 758-9585
Email: davidengler@davidengler.com
Attorney for Plaintiff


CERTIFICATE OF SERVICE


The foregoing Pre-Hearing Memorandum of Plaintiff was filed electronically through the ECF system on the 24th day of November 2015. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.


s/David L. Engler
David L. Engler
Attorney for Plaintiff